Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132885)
Osman M. Taher, Esq. (State Bar No. 272441)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual;<br><br>            Plaintiff,<br><br>vs.<br><br>CHURCH'S CHICKEN #1069, a business of unknown form; CAJUN REALTY LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>            Defendants. | **Case No.: 5:18-cv-02227-PA-KK**<br><br>**JOINT DISCOVERY PLAN**<br><br>Date:  February 11, 2019<br>Time:  10:30 AM<br><br>Honorable Judge Percy Anderson |

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
Newport Beach, CA 92660

Plaintiff James Rutherford ("Plaintiff") and Defendants Church's Chicken #1069, a business of unknown form and Cajun Realty LLC, a Delaware limited liability company (collectively referred to as "Defendants") jointly submit this report in accordance with the Court's Order dated December 28, 2019 (Dkt. 21) and Rule 26(f) of the Federal Rules of Civil Procedure.

## 1. SHORT SYNOPSIS OF THE PRINCIPAL ISSUES

Plaintiff:   Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting and grasping objects.   As a result of these disabilities, Plaintiff relies upon mobility devices, including at times, a wheelchair, to ambulate.   With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.   Plaintiff is also the holder of a Disabled Person Parking Placard.

Plaintiff personally visited Defendants' property located at 500 E. Holt, Pomona, CA 91767 (the "Subject Property") but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendants' facility, even though he would be classified as a "bona fide patron."   Specifically, he desired to visit the Subject Property as a consumer, but experienced difficulty due to Defendants' failure to provide adequate access to the subject business and its interior.

It is alleged that Defendants own and operate the Subject Property where the subject restaurant (the "Business") is located.  It is alleged that Defendants are liable to Plaintiff for the alleged ADA violations.

The Business is a facility open to the public, a place of public accommodation, and a business establishment. Instead of having architectural barrier free facilities for patrons with disabilities, Plaintiff experienced the following at the Subject Property and inside the Business: The curb ramp at the main entrance projects into the

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

accessible parking space access aisle in violation of Section 406.5; (2)  The height of the bottom lip of the urinal far exceeds 17 inches which is the maximum allowed per Section 605.2; and, the space between the grab bar and projecting objects below and at the ends shall be 1½ inches (38 mm) minimum per Section 609.3.

Plaintiff alleges that Defendants violated Plaintiff's rights under the ADA and the Unruh Civil Rights Act.  In addition to injunctive relief, Plaintiff seeks an award of damages of not less than $4,000 per violation as well as deterrence damages arising out of Plaintiff's visits to the Subject Property on or about July of 2018 and for reasonable attorneys' fees litigation expenses, and costs of suit, pursuant to California Civil Code § 52.

Defendants:  Defendants lack specific knowledge or information with respect to Plaintiff's physical status or his alleged visit to Defendants' facilities.  Defendants are in the process of evaluating the specific portions of the property which are alleged violations. To the extent readily achievable, Defendants intend to take remedial action, to bring same into compliance, as soon as reasonably practical.

**2.  STATEMENT OF WHETHER PLEADINGS ARE LIKELY TO BE AMENDED**

Plaintiff:  Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have unlawful barriers removed or remediated.  This is a two-step process permitted by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, F.3d 939 (9th Cir. 2011).

Defendants:  Defendants are currently unaware of factors which would require amendments to the pleadings.

**3.  STATEMENT AS TO ISSUES WHICH MAY BE DETERMINED BY MOTION**

Plaintiff:  Plaintiff believes that all liability issues can be determined by motion.

Defendants:   Defendants currently anticipate that any liability issues can be determined by motion.  However, in view of the fact that the evaluation of the alleged

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

access violations are ongoing, Defendants reserve the right to amend this response, if necessary.

**4.    DISCOVERY PLAN PER RULE 26(F)(3)**

a. Initial Disclosures

The Parties do not seek any changes to the timing, form or requirements for initial disclosures.  The Parties consent to exchange initial disclosures via email by February 25, 2019.

b.  Subject for Discovery

Plaintiff:  Plaintiff intends to conduct discovery on the following topics via written discovery and depositions of Defendants' person most knowledgeable pursuant to FRCP 30(b)(6): (1) ownership and maintenance of the Property and Business, including the existence of any accessibility barriers and accessible routes; (2)  History of changes or modifications to the Property and Business; and (3) the feasibility of providing access to persons with disabilities.

Plaintiff does not believe that that discovery should be conducted in phases and the discovery will not be limited to particular issues.

Defendants:  Defendants intend to seek discovery with respect to (1) Plaintiff standing, (2) background, (3) nature and extent of physical, medical and disability status and conditions, (4) history of other claims and/or litigation involving disability access issues, personal injuries, and other claims, (5)  Plaintiff's  visits  to,  contact with, and other relevant experience with Defendants' facilities, (6) the details with respect to the accessibility allegations and contentions, and (7) the nature and extent of the claimed damages. The Defendants intend to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Plaintiff and to conduct an expert site inspection.

c.  Issues Regarding Disclosure, Discovery, or Preservation of Electronically Stored Information:

The Parties do not anticipate having any issues regarding disclosure, discovery, or

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

the preservation of electronically stored information.

    d.   <u>Anticipated Issues Regarding Claims or Privilege or of Protection as Trial-Preparation Materials:</u>

The Parties do not anticipate any issues of privilege arising.

    e.   <u>Changes in Limitations On Discovery:</u>

The Parties do not request any changes to the rules or any local rules regarding discovery, or any other limitations to be imposted at this time.

    f.  <u>Other Orders:</u>

The Parties do not seek any other order be entered by the Court at this time.

    g.  <u>Discovery Cutoff:</u>

The Parties propose a final discovery completion date for non-expert discovery of October 8, 2019.  The Parties propose that experts be designated per FRCP Rule 26 (a)(2) by November 12, 2019, and expert discovery cut-off be December 24, 2019.

**5.**    <u>MOTIONS SCHEDULE</u>

<u>Plaintiff:</u>  Plaintiff anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

<u>Defendants:</u>  Defendants do not currently anticipate filing motions.  However, in view of the fact that the evaluation of the alleged access violations is ongoing, Defendants reserve the right to amend this response, if necessary.

**6.**  <u>SETTLEMENT</u>

The Parties have communicated informally about settlement and closure. These informal discussions are still in their early stages. In the event that this matter is not expeditiously resolved, the Parties select ADR Procedure No. 2 as the settlement mechanism under Local Rule 16-15.4.  ADR Procedure No. 2 states, "[t]he parties shall appear before a neutral selected from the Court's Mediation Panel."

///

///

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

**7. TRIAL ESTIMATE AND TRIAL DATES**

The Parties estimate trial will take four (4) days.  The Parties propose a Final Pretrial Conference be set for January 14, 2020 and Trial be set for February 11, 2020.

**8. ADDITIONAL PARTIES**

<u>Plaintiff:</u>  Plaintiff does not expect any additional parties to be added at this time. Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then if applicable, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barriers removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

<u>Defendants:</u>  Defendants do not anticipate adding parties.

**9. JURY TRIAL**

The Parties request a court trial

**10. OTHER ISSUES AFFECTING STATUS OR MANAGEMENT OF CASE**

The Parties do not know of any other issues regarding the status or management of the case.

**11. SEVERANCE/BIFURCATION**

The Parties do not have any proposals regarding bifurcation, severance or other ordering of proof.

Dated: January 25, 2019          **MANNING LAW, APC**

By: *_/s/ Joseph R. Manning, Jr., Esq._*
    Joseph R. Manning Jr., Esq.
    Michael J. Manning, Esq.
    Craig G. Côté, Esq.
    Osman M. Taher, Esq.
    Attorneys for Plaintiff

MANNING LAW, APC
4667 MACARTHUR BLVD., STE. 150
NEWPORT BEACH, CA 92660

Dated: January 25, 2019          LAW OFFICES OF JOHN H. EVERETT


By: _/s/_____
      John H. Everett, Esq.
      Attorneys for Defendants


### Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph R. Manning, Jr., hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Dated: January 25, 2019          **MANNING LAW, APC**


By: _/s/ Joseph R. Manning, Jr., Esq._____
      Joseph R. Manning Jr., Esq.
      Michael J. Manning, Esq.
      Craig G. Côté, Esq.
      Osman M. Taher, Esq.
      Attorneys for Plaintiff

MANNING LAW, APC
4667 MacArthur Blvd., Ste. 150
Newport Beach, CA 92660